**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 23-4046**

─────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

MARK SASSAK, JR.,

        Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Thomas S. Kleeh, Chief District Judge.  (1:21-cr-00013-TSK-MJA-1)

─────────────

Submitted:  April 16, 2024                    Decided:  July 16, 2024

─────────────

Before HARRIS and BENJAMIN, Circuit Judges, and KEENAN, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

**ON BRIEF:**  Richard W. Weston, WESTON LAW, Huntington, West Virginia, for Appellant.  William Ihlenfeld, United States Attorney, Carly Cordaro Nogay, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Wheeling, West Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mark Sassak, Jr., appeals his convictions, following a jury trial, for traveling to engage in sexual activity with a minor, in violation of 18 U.S.C. § 2423(b), and possessing child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2). At trial, the Government introduced evidence that Sassak traveled from Pennsylvania to West Virginia to have sex with "Ally"—whom Sassak believed to be a 15-year-old girl based on their conversations over social media, but whose social media profile was actually a fictitious account run by an undercover law enforcement officer. Much of the evidence adduced at trial came from a cell phone found on Sassak's person during his arrest; the phone contained Sassak's online conversations with Ally as well as child pornography. On appeal, Sassak argues that the district court erred by issuing an "anti-CSI" jury instruction,[1] by refusing to instruct the jury on entrapment, and by permitting the undercover officer to testify about certain applications on Sassak's cell phone without prior notice pursuant to Fed. R. Crim. P. 16(a)(1)(G). We affirm.

Sassak first asserts that the district court erred by issuing an anti-CSI instruction without also informing the jury that it could consider the Government's failure to use certain investigative techniques in determining whether there was reasonable doubt.

---

[1] "An 'anti-CSI' instruction states, in essence, that the government is not required to employ any specific investigation technique such as fingerprint analysis or DNA testing or all possible investigative techniques to prove its case." *Fahie v. Virgin Islands*, 858 F.3d 162, 166 (3d. Cir. 2017) (cleaned up). "The name by which such instructions are known is a reference to the popular television series 'CSI' and its spinoffs, which feature crime scene investigators using sophisticated forensic techniques to solve crimes." *Id.*

However, Sassak did not raise this argument in the district court. Accordingly, we review the propriety of the court's anti-CSI instruction only for plain error. *See United States v. Nicolaou*, 180 F.3d 565, 569 (4th Cir. 1999) (noting that "party wishing to preserve [for appellate review] an exception to a jury instruction must state distinctly the matter to which he objects and the grounds of his objection" in the district court (cleaned up)); Fed. R. Crim. P. 30(d) (providing that party's failure to specifically object to jury instructions "precludes appellate review, except as permitted under [Fed R. Crim. P.] 52(b)").

To establish that the district court plainly erred in giving the anti-CSI instruction, Sassak must show that "(1) there was error; (2) the error was plain; and (3) the error affected his substantial rights." *United States v. Cowden*, 882 F.3d 464, 475 (4th Cir. 2018). Even if Sassak makes this showing, however, "we may exercise our discretion to correct the error only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (cleaned up).

We have reviewed the record and conclude that Sassak has failed to show that the district court plainly erred in issuing the anti-CSI instruction. Initially, we have repeatedly rejected the argument that such instructions "mislead the jury into believing that it could not consider and weigh the type of evidence that was presented." *United States v. Dennis*, 19 F.4th 656, 671 (4th Cir. 2021) (internal quotation marks omitted). Moreover, even if the district court erred by failing to include protective language regarding the jury's ability to consider the thoroughness of the Government's investigation in determining the existence of reasonable doubt, Sassak has not shown that this error affected his substantial rights. At trial, the Government introduced ample evidence that Sassak committed the

3

charged crimes, and the fact that the Government could have used additional investigative techniques or acquired more evidence does not undermine the evidence that was actually presented. Accordingly, we conclude that any error by the district court did not affect the outcome of Sassak's trial. *See Molina-Martinez v. United States*, 578 U.S. 189, 194 (2016) (noting that error affects substantial rights when the defendant establishes "a reasonable probability that, but for the error, the outcome of the proceeding would have been different" (internal quotation marks omitted)).

Sassak next argues that the district court erred by refusing to instruct the jury on entrapment. Entrapment is an affirmative defense that "has two related elements: government inducement of the crime, and a lack of predisposition on the part of the defendant to engage in the criminal conduct." *United States v. Smith*, 54 F.4th 755, 774 (4th Cir. 2022) (internal quotation marks omitted), *cert. denied*, 143 S. Ct. 1097 (2023). "'Inducement' is a term of art: it involves elements of governmental overreaching and conduct sufficiently excessive to implant a criminal design in the mind of an otherwise innocent party." *United States v. Daniel*, 3 F.3d 775, 778 (4th Cir. 1993) (contrasting inducement with permissible "[s]olicitation," which "is the provision of an opportunity to commit a criminal act"); *see also United States v. Hackley*, 662 F.3d 671, 681 (4th Cir. 2011) ("[S]olicitation of the crime alone is not sufficient to grant [an entrapment] instruction, as that is not the kind of conduct that would persuade an otherwise innocent person to commit a crime." (internal quotation marks omitted)).

Although "[t]he question of entrapment is generally one for the jury, rather than for the court," *Mathews v. United States*, 485 U.S. 58, 63 (1988), "the district court is the

4

gatekeeper. If a defendant can[not] produce more than a mere scintilla of evidence of entrapment, the court need not give the instruction," *Smith*, 54 F.4th at 774 (cleaned up). Here, the district court found that Sassak failed to produce a scintilla of evidence of inducement. We agree with the court's determination. Specifically, while Sassak argues that the undercover law enforcement officer overreached by creating a fictitious dating profile and responding to Sassak's sexually motivated messages, the law enforcement officer's conduct would not prompt an "otherwise innocent" adult male to pursue a sexual relationship with someone he believed to be 15 years old, as Sassak did. *Daniel*, 3 F.3d at 778. Accordingly, the district court did not err by refusing to instruct the jury on entrapment.[2]

Finally, Sassak argues that the district court erred by permitting the undercover officer to testify, without prior notice under Rule 16(a)(1)(G), that some of the applications on Sassak's phone may have been used to conceal data. However, Sassak did not contemporaneously object to the officer's testimony; instead, he filed a motion to strike after the Government rested. Because Sassak failed to timely object to the disputed testimony, we review the issue for plain error. *See United States v. Roof*, 10 F.4th 314, 374 (4th Cir. 2021) (applying plain error review to issue defendant failed to raise "at the time the [disputed] evidence [was] offered" (internal quotation marks omitted)).

---

[2] The parties disagree about the applicable standard of review. Because Sassak's argument fails under either de novo review or an abuse of discretion standard, we decline to resolve the dispute. *See United States v. Stanley*, 739 F.3d 633, 645 (11th Cir. 2014).

Initially, the district court may have erred in permitting the disputed testimony. Because the undercover officer testified that he believed the applications were "suspicious" based on what he had "been taught" (J.A. 277-78)[3]—not that he personally used the applications and thereby discovered that they were indeed used to conceal data—his testimony was likely expert opinion testimony. *See Lord & Taylor, LLC v. White Flint, L.P.*, 849 F.3d 567, 575 (4th Cir. 2017) ("[T]he key . . . to lay opinion testimony is that it must arise from the personal knowledge or firsthand perception of the witness."); *United States v. Johnson*, 617 F.3d 286, 293 (4th Cir. 2010) ("A critical distinction between . . . [lay and expert] testimony is that an expert witness must possess some specialized knowledge or skill or education that is not in the possession of the jurors." (internal quotation marks omitted)). Furthermore, contrary to Rule 16(a)(1)(G), the Government did not notify Sassak of the substance of the undercover officer's opinion in its pretrial disclosures. *See* Fed. R. Crim. P. 16(a)(1)(G)(iii) (requiring pretrial disclosure of "a complete statement of all opinions that the government will elicit from the [expert] witness"). However, because there was ample evidence that Sassak committed the charged crimes even without the undercover officer's tangential testimony that some of the applications on Sassak's phone may have been used to conceal data, Sassak has not shown that any error by the district court affected his substantial rights. We therefore conclude that the district court did not plainly err by permitting the disputed testimony.

---

[3] "J.A." refers to the joint appendix filed by the parties in this appeal.

6

Accordingly, we affirm the criminal judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*